# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| BLUEMEDIA, INC., a Colorado Corporation a/k/a Intense Cash d/b/a BrokeStraightBoys.com and d/b/a BrokeStraighGuys.com<br><br>    Plaintiff,<br><br>v.<br><br>SORDID ONES BV dba GAYGRAVY.COM and DeeCash dba TripleXCash and dbay TripleXCash.com and dba MitZasInc.com and dba DeeDevelopments.com dba ADULTDEVELOPMENTS.COM and dba STUDPAY.COM and JOHN DOES 1 -20, JANE DOES 1 -20, and XYZ COMPANIES 1 -20 | CIVIL ACTION NO. 11-CV-00856-RPM<br><br>MEDIA REVENUE's MOTION TO INTERVENE |

## MEDIA REVENUE'S MOTION TO INTERVENE

## Table of Contents

**INTRODUCTION** ......................................................................................................................... 3
**FACTS AND PROCEDURAL BACKGROUND** ................................................................... 5
   **I.**    **THE DOMAINS** ............................................................................................................ 5
   **II.**   **BLUEMEDIA'S INFRINGEMENT CLAIMS** ............................................................. 5
   **III.**  **EARLY STAGE OF THE PROCEEDINGS** ............................................................... 6
**ARGUMENT** ................................................................................................................................ 6
   **I.**    Legal Standard ................................................................................................................. 6
   **II.**   Media Revenue is Entitled to Intervene As a Matter of Right Under Rule 24(a)(2) ............. 7
      **A.**   Media Revenue's Motion to Intervene is Timely ..................................................... 8
      **B.**   Media Revenue Has a Significant Interest in the Property that Is at Issue in this Lawsuit . 8
      **C.**   Media Revenue's Ability to Protect its Interests Will Be Impaired if it is Not Permitted to Intervene Here ................................................................................................................... 9
      **D.**   The Defendants May Not Adequately Represent Media Revenue's Interest in Demonstrating that BLUEMEDIA'S Infringement Claims are Exhausted .................................. 9
   **III.**  In the Alternative, Permissive Intervention is Appropriate Here Under Rule 24(b). .......... 10
   **CONCLUSION** ........................................................................................................... 11

Media Revenue, hereby respectfully moves to intervene as a defendant and counterclaim plaintiff in the above captioned action brought by plaintiff BLUEMEDIA, INC., a Colorado Corporation a/k/a Intense Cash d/b/a BrokeStraightBoys.com and d/b/a BrokeStraighGuys.com against SORDID ONES BV dba GAYGRAVY.COM and DeeCash dba TripleXCash and dbay TripleXCash.com and dba MitZasInc.com and dba DeeDevelopments.com dba ADULTDEVELOPMENTS.COM and dba STUDPAY.COM and JOHN DOES 1 -20, JANE DOES 1 -20, and XYZ COMPANIES 1 -20.  The filed Complaint is far from a model of clarity and fails to allege any violations through citations to statutes.  At best, Media Revenue can assume that the plaintiff has filed this action against the various defendants for alleged violations of common law trademark and trade dress rights; statutory trade mark violations; deceptive trade practices; tortious interference.  Media Revenue seeks to intervene because it is the lawful owner of several of the domain names listed in the Complaint having purchased these domains on the open market.

## INTRODUCTION

In its Complaint, Bluemedia, Inc., alleges that the Defendants infringe the trademarks in suit.  Bluemedia, Inc.'s claims are based on the Defendant's use of certain domain names that the Plaintiff claims are violative of its common law trademark right and Colorado and federal marks in "brokestraighboys.com".  The Plaintiff's allegations include domain names that are in no way similar to the Plaintiff's alleged trademark.

Media Revenue should be permitted to intervene here, for at least two separate and independent reasons.  First, Media Revenue satisfies the requirements for intervention of right under Fed. R. Civ. P Rule 24(a).  Media Revenue has an interest in the property that is the subject of this action, namely, the domain names in suit.  Media Revenue has an ownership

interest in a good number of the listed domains. The value of this ownership is in the ability to utilize the domain names themselves. Media Revenue has a direct and substantial interest in preserving the value of its ownership, as well as in protecting the value of its intellectual property. Those interests will be prejudiced absent intervention here. A determination that the Plaintiff has trademark rights in these domain names will significantly diminish the value of Media Revenues assets, and lead to potential loss of significant revenue from the use of these domains. In fact, the mere allegation of the same significantly threatens to diminish Media Revenue's rights. Moreover, Media Revenue's rights will not be adequately protected by the current defendants in this case, because Plaintiff has chosen to assert these claims against domain names and foreign corporations against whom the Plaintiff has not been able to obtain valid service.

Second, even if Media Revenue could not intervene as of right, the motion should still be granted for the separate reason that if Media Revenue satisfies the requirements for permissive intervention under Fed. R. Civ. P. Rule 24(b). It is black-letter law that permissive intervention is appropriate to protect the interests of a non-party whose ownership rights are at issue in a trademark infringement. Media Revenue's defense and counterclaims are based on general principals of trademark law. Media Revenue's defense and claim present numerous issues of law and fact that will be common to the main action, regardless of whether Media Revenue is permitted to intervene. Finally, intervention will not delay these proceedings or prejudice any current party. The Court should grant this motion to allow Media Revenue to file an Answer and potential Counterclaim.

**FACTS AND PROCEDURAL BACKGROUND**

I.       **THE DOMAINS**

Media Revenue operates a wide spread of adult networks and provides affiliate services and consulting to a variety of web-site operators  Media Revenue provides services to include pay sites, legal tube sites, affiliate programs traffic networks, proper billing methods and secure processing.

Media Revenue owns, through an asset purchase agreement, several of the domain names listed in the Complaint, or could be included as one of the listed "John Doe" Companys.

II.      **BLUEMEDIA'S INFRINGEMENT CLAIMS**

Although Bluemedia's Complaint lacks any detailed allegations as to what aspects of the domain names infringe on the Bluemedia's enumerated trademarks, it is clear that Bluemedia's claims of infringement go far beyond what trademark laws protect.

Bluemedia is making claims that approximately 73 domains infringe on the Plaintiff's common law trademark rights to "brokestraightboys.com and brokestraightguys.com" and its statutory trademark to "BrokeStraighBoys.com".  Even a cursory review of the diverse domain names included in the Plaintiff's complaint will reveal a total dissimilarity between the listed names and the Plaintiff's mark.  The only element that these domains have in common is the adult nature of the content and the attendant demographic.  The domain names show no manifest intent to confuse the public, nor is there sufficient similarity to indicate any marketplace confusion.

### III.     EARLY STAGE OF THE PROCEEDINGS

This case is still in the early stages of the proceedings.  No defendant has been directly served with a copy of the Complaint, no defendant has responded to the Complaint, no discovery has been conducted, and, indeed, nothing of significance has happened in this lawsuit beyond the Plaintiff's simple filing of the Complaint.  Because BLUMEDIA, INC.;s infringement allegations are inclusive of domain names owned by Media Revenue, Media Revenue moves to intervene in this lawsuit to protect its interest in the its domain names by asserting a defense and counterclaim that BLUMEDIA's allegations are unfounded.

### ARGUMENT

#### I.     Legal Standard

Rule 24(a) of the Federal Rules of Civil Procedure governs interventions as a matter of right, while Rule 24(b) governs permissive intervention.  Fed. R. Civ. P. 24.  Pursuant to Rule 24(a), a movant may intervene as a matter of right whenever four requirements are met:  (1) the motion is timely; (2) the movant has an interest relating to the property or transaction that is subject of the action; (3) the movant is situated such that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the movant's interests are inadequately represented by the existing parties to the suit.  Fed. R. Civ. P. 24(a)(2); *Reid v. GM Corp.*, 240 F.R. D. 257, 259 (E.D. Tex. 2006).  Although all four requirements must be met, the inquiry is a "flexible one" that "focuses on the particular facts and circumstances surrounding each application."  *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996); see, e.g., Sierra Club v. Espy, 19 F.3d 1202, 1205 (5th Cir. 1994) (encouraging courts to allow intervention "where no one would be hurt and the greater justice could be attained") (citations omitted).

Even where intervention as of right is not available, Rule 24(b) provides separately and independently for permissive intervention whenever an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see, e.g., Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (explaining permissive intervention). Where the applicant's claim or defense is timely, shares a question of law or fact with the main action, and will not prejudice any party, courts freely grant permissive intervention. Id., (noting "liberal construction" of Rule 24(b)).

Finally, in evaluating a motion to intervene, the court must accept as true any well-pleaded, non-conclusory allegations presented in the motion papers and proposed pleading. *Mendenhall v. M/V Toyota Maru No. 11 v. Panama Canal Co.*, 551 F.2d 55, 56 n2 (5th Cir. 1977); *see, e.g., State Farm Fire and Cas. Co. v. Black & Decker, Inc.*, Civ. A. 02-1154, 2003 WL 22966373, at *3 (E.D. La. Dec. 11, 2003) ("The pleading is construed liberally in favor of he pleader and the court will accept as true the well pleaded allegations in the pleading."). (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1914 at 418 (2d ed. 1986)).

## II. Media Revenue is Entitled to Intervene As a Matter of Right Under Rule 24(a)(2)

The first reason that this motion should be granted is that Media Revenue is entitled to intervene as a matter of right. As set for below, Media Revenue's motion is timely, Media Revenue has a significant interest in its domain names that are the subject of this action, Media Revenue's interest in that property may be substantially diminished if it is not permitted to intervene, and the current defendants may not effectively represent Media Revenue's interests in this case.

Indeed, under these exact circumstance3s, courts have concluded that intervention as a matter of right is appropriate.  ***Colorado or 10th Cir cases***

### A. Media Revenue's Motion to Intervene is Timely

A motion to intervene is timely where the intervener promptly moves upon learning of its interest in the litigation, where the current parties would not suffer prejudice from allowing the intervention, and where no other special or unusual circumstances render the motion untimely. *See, e.g., Edwards*, 78 F.3d at 1000. Here all requirements are readily satisfied.  Indeed, Media Revenue is moving while the case is still in its infancy:  the lawsuit is recently filed and the defendants have not yet answered BLUMEDIA'S complaint (indeed, upon information and belief, the Complaint has yet to be served on all the defendants), and no other significant developments have taken place.

### B. Media Revenue Has a Significant Interest in the Property that Is at Issue in this Lawsuit

Media Revenue has also met the second requirement for intervention as a matter of right under Rule 24(a): an interest in the subject matter of the litigation that is "direct, substantial, [and] legally protectable."  Ozee v. Am. Council on Girt Annuities, Inc., 110 F.3d 1082, 1096 (5th Cir. 1997).  The interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.  As set out above, Blue Media owns the domain names referenced in the suit, the value of which depends on Blue Media's ability to run and service the domains.  Domain name ownership such as these are protectable under the law and provide a sufficiently close relationship to the litigation to satisfy this requirement.

Second, BLUEMEDIA, INC.'s, infringement allegations target Media Revenue's own products. Courts have consistently held that a legally sufficient interest is implicated where infringement allegations rest on an intervener's own products or services. *See, e.g., Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (holding that manufacturer's intervention in infringement action against its customers is "necessary for the protection of its interest.")

Finally, this litigation can fundamentally disrupt Media Revenue's relationship with its customers and affiliates. The potential loss of revenue, customers, or goodwill provides yet another independent basis upon which to find that Media Revenue has a legally sufficient interest in the property at issue.

### C. Media Revenue's Ability to Protect its Interests Will Be Impaired if it is Not Permitted to Intervene Here

As set out above, Media Revenue has demonstrated that its interests in the domain names will be impaired if it is not allowed to intervene. A finding that BLUEMEDIA is permitted to assert infringement claims against the domain names based on their implied infringement would effectively negate Media Revenue's property rights in the listed domain names. Moreover, an adverse outcome may harm Media Revenue's ability to protect its property rights in future litigation involving Bluemedia.

### D. The Defendants May Not Adequately Represent Media Revenue's Interest in Demonstrating that BLUEMEDIA'S Infringement Claims are Exhausted

Finally, it is hornbook law that Media Revenue's burden in demonstrating that the existing defendants will not adequately represent its interests is "minimal," and requires no more

than a showing that the representation by the parties "may be" insufficient. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

Media Revenue has met this requirement for several separate and independent reasons. First, the other defendants in the litigation are identified only as foreign corporations and domain names that have not been served. Second, the other defendants lack the resources too fully and fairly litigation the issue of whether BLUEMEDIA'S claims are exhausted. The defendants are largely domain names and a foreign company, see, e.g., Docket No. 1, who all, if in existence, have limited resources. Media Revenue's far superior resources alone constitute a ground on which to find its interests may not be adequately represented.

Moreover, even if the financial disparity between the parties were not in and of itself sufficient to meet this prong, the interests of Media Revenue may ultimately diverge. While the other defendants, if served, may likely be interested in resolving this case as quickly and inexpensively as possible, Media Revenue's interest is in protecting it broader property rights and generally defending against the broad and over reaching TM protection arguments of the plaintiff.

Finally, the other defendants may lack sufficient information and expertise regarding Media Revenue's property interests and intellectual property rights to adequately represent Media Revenue's interest.

### III.   In the Alternative, Permissive Intervention is Appropriate Here Under Rule 24(b).

Even if Media Revenue did not meet the standard for intervention as of right, however, this motion should still be granted because Media Revenue's proposed defense and counterclaim present numerous questions of fact and law that are common to the existing lawsuit. First, based

on trademark infringement allegations on Media Revenue's property rights in the domain names, it is clear that both Media Revenue and the existing defendants will raise issues of trademark protection requiring the Court to analyze Media Revenue's property rights.

Second, additional common questions of fact exist with respect to the trademark rights that Plaintiff appears to be accusing of infringement. Precisely how the domain names were acquired, used and what likelihood of confusion, or lack thereof, will be factual questions with respect to both Media Revenue's defense as well as the named defendants. Finally, the Court will effectively be required to engage in the same claim construction and infringement analysis with respect to these factors.

Under these circumstances, courts uniformly find that permissive intervention is appropriate. For example, in Reid, 240 F.R.D. at 260 (Folsom, J.), the court granted permissive intervention to Microsoft. The court noted that "Microsoft's claims and defenses shared common questions of law and fact with the action by Plaintiffs against Defendants."

## CONCLUSION

For each of the foregoing reasons, Media Revenue respectfully request that the Court grant its motion and permit the filing of Media Revenue's proposed Answer and Counterclaim.

Dated December 14, 2011

NEJAME LAW

/s

_____
THOMAS A. SADAKA
Attorney at Law
NeJame Lafay Jancha Ahmed Barker Joshi & Moreno
189 S Orange Ave, Suite 1800
Orlando, FL 32801
407-245-0893
FBN 915890
tom@nejamelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being serviced with a copy of this documents via the Court's CM/ECF system.