IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00856-RPM


BLUMEDIA INC., a Colorado Corporation,
a/k/a Intense Cash
d/b/a BrokeStraightBoys.com and
d/b/a BrokeStraightGuys.com;

       Plaintiff,

v.

SORDID ONES BV dba GAYGRAVY.com and
DeeCash dba TripleXCash and dba TripleXCash.com
And dba MitZasInc.com and dba DeeDevelopments.com
dba ADULTDEVELOPMENTS.com and
dba STUDPAY.com and
JOHN DOES 1-20, JANE DOES 1-20, and
XYZ Companies 1-20

       Defendants.

---

### RESPONSE TO MEDIA REVENUE'S MOTION TO INTERVENE
### AND
### PLAINTIFF'S MOTION TO AMEND COMPLAINT
### TO ADD MEDIA REVENUE AS A DEFENDANT

---

Plaintiff BluMedia, Inc. ("Plaintiff"), by and through its counsel, Chad L. Belville, files

this Response to the Motion of Media Revenue to Intervene. Plaintiff requests that rather than

granting intervention, the Court permit Plaintiff to amend its Complaint to add Media Revenue

as a Defendant.

Plaintiff filed this action alleging seeking damages and injunctive relief for claims of

trade dress and terms infringement, trademark infringement, Unfair Competition under Colorado

and federal law, and deceptive trade practices under Colorado Law. In part, the claims arise from deceptively similar Internet domain names.

Media Revenue asserts that it has a right to intervene because it owns many of the domain names involved in this action as alleged in the Complaint. At the time Plaintiff filed this action, the domain names were **not** registered to Media Revenue. Upon filing of the Complaint, a copy of the Complaint was forwarded to the Registrar of the Internet Domain names involved, and all domains were placed under "Registrar Lock".  When a domain name is under Registrar Lock, no transfer of ownership can take place.  Notably, Media Revenue does not state in its Motion to Intervene just **when** it acquired ownership of the domains and domain names, but an email discovered by Plaintiff, purportedly from Defendants, claims a sale took place before March 15, 2011.  If Media Revenue did in fact acquire the Defendant business prior to March 15, 2011 and could not take title to the domain names, then waiting until December 2011 to file an appearance in this case is NOT timely and the delay should be explained by Media Revenue.

Plaintiff has no objection, if Media Revenue owns some of the domain names, to Media Revenue becoming a party to the action. Plaintiff asserts, however, that Media Revenue should be added as a defendant instead of being permitted to intervene.

Amendments to pleadings are liberally allowed under the Federal Rules of Civil Procedure, as Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Rule 15(aw), F.R.Civ.P. *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F. Supp. 2d 1205, 1209 (D. Colo. 2011).

Thus, "district courts may withhold leave to amend only for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of [the] amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.2009). When considering a motion to amend under Rule 15(a), "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F. Supp. 2d 1205, 1209 (D. Colo. 2011).

In *Fairfield*, the Court permitted the plaintiffs to amend to substitute the proper party even after discovery had closed, where there was no apparent tactical advantage in Plaintiffs' failing to name the proper party, and no prejudice to the defendant.

Although Media Revenue's delay in filing an appearance is suspect, Plaintiff believes there is no prejudice to the Defendants in amending to add Media Revenue as a co-defendant.

For the foregoing reasons, Plaintiff requests that the Court reject Media Revenue's request to be allowed to intervene and to permit Plaintiff to amend its complaint to add Media Revenue as a party defendant.


DATED: December 30, 2011          Respectfully submitted,

                                         By:

                                                   /s/ Chad L. Belville

                                                   Chad  Belville, Attorney at Law

                                                   Iowa Bar # 015731

Physical Address                                   304 East Beth Drive
                                                   Phoenix, AZ 85042

MAILING ADDRESS:                                   P.O. Box 17879
                                                   Phoenix, AZ 85066

                                                   Telephone:  602-904-5485
                                                   FAX:  602-297-6953

E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF