IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00856-RPM

BLUMEDIA INC., a Colorado Corporation,
a/k/a Intense Cash
d/b/a BrokeStraightBoys.com and
d/b/a BrokeStraightGuys.com;

       Plaintiff,

v.

SORDID ONES BV dba GAYGRAVY.com and
DeeCash dba TripleXCash and dba TripleXCash.com
And dba MitZasInc.com and dba DeeDevelopments.com
dba ADULTDEVELOPMENTS.com and
dba STUDPAY.com and
JOHN DOES 1-20, JANE DOES 1-20, and
XYZ Companies 1-20

       Defendants.

---

## PLAINTIFF'S MOTION TO AMEND COMPLAINT
## TO ADD MEDIA REVENUE AS A DEFENDANT ON ALL CLAIMS

---

       Plaintiff BluMedia, Inc. ("Plaintiff"), by and through its counsel, Chad L. Belville, moves

the Court to permit it to Amend its Complaint to add Media Revenue as a Defendant as to all

claims asserted in the original complaint.

## I.     STATEMENT OF FACTS

       Plaintiff brought this action against the Defendants Sordid Ones BV and Deecash (the

"Original Defendants"), asserting claims of trade dress and terms infringement, trademark

infringement, Unfair Competition under Colorado and federal law, and deceptive trade practices

under Colorado Law. The claims arise out of the Defendants use of Plaintiff's Broke Straight Boys Trade Dress and Trademark terms in their domains listed in paragraph 41 of the Complaint, and in its Search Engine Optimization efforts. Defendants infringed on Plaintiff's trade dress and trademarks by creating sales across domains which are upsold from the infringing sites or upsold to the infringing sites, creating a tangled web of interacting web domains that contribute to intentionally confusing the consumer who relates Defendant's websites with Plaintiff's product.

Media Revenue filed a Motion to Intervene in this case. Media Revenue contends that it has an interest in the domain names at issue in this lawsuit. Media Revenue also asserts that any determination that Plaintiff's trademarks are being infringed will diminish the value of these websites, and will lead to loss of revenue for Media Revenue. Media Revenue generally claims to be a successor in interest, having acquired assets of the served Defendants. In its response to the Motion to Intervene, Plaintiff asserted that should be added as a defendant instead of being permitted to intervene.

The Original Defendants were properly served, but have not answered. Plaintiff has moved for default judgment, a motion that was referred to Magistrate Judge Boyd N. Boland for hearing.

## II.    LEGAL ARGUMENT

Amendments to pleadings are liberally allowed under the Federal Rules of Civil Procedure, as Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2), F.R.Civ.P.; *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F. Supp. 2d 1205, 1209 (D. Colo. 2011).  This is in part because, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227,

9 L.Ed.2d 222 (1962), as quoted in *Roman v. Denver Commercial Builders, Inc.*, 2009 WL 1327957 (D. Colo. 2009).

Accordingly, "district courts may withhold leave to amend only for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.2009). In addition, when the amendment involves the addition of a party, the Court may also look at "the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *MDM Group Assocs., Inc. v. Midgett Realty, Inc.,* 2008 WL 2756926, at 4 (D.Colo. 2008); *Roman v. Denver Commercial Builders, Inc.*, CIVA08CV02811-RPMMEH, 2009 WL 1327957 (D. Colo. May 11, 2009).

When considering a motion to amend under Rule 15(a), "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F. Supp. 2d 1205, 1209 (D. Colo. 2011). In *Fairfield*, the Court permitted the plaintiffs to amend to substitute the proper party even after discovery had closed. Plaintiff had failed to sue the proper party, something it only discovered late in the case. The Court found that Plaintiff had not failed to name the party as a litigation tactic, and that there was no prejudice to the defendant.

Here, Plaintiff filed a Response to Media Revenue's Motion to Intervene and Motion to Amend Complaint, in which Plaintiff requested leave to amend its complaint to add Media Revenue as a defendant. Thus, Plaintiff did not delay in requesting an amendment, and Media Revenue was put on notice that Plaintiff wished to join it as a party. Thus, there is no prejudice

to Media Revenue in regard to the timing of this Motion, as knew shortly after it requested

intervention that Plaintiff sought to add it as a party defendant. Further, Media Revenue never

objected to, or even filed a reply regarding, the Response to Motion to Intervene and Motion to

Amend Complaint. Thus, Media Revenue may well be said to have consented to the Motion to

Amend. Also, because Media Revenue wishes to be a party to the case, it certainly has no basis

to assert prejudice by being brought in as a party.

There is also no undue prejudice to the Original Defendants. They are in default, and thus

are not opposing the claims in this action. That another Defendant may be joined does not affect

them.

When determining whether to permit the joinder of a Defendant, a Court should also

consider "the possible prejudice that may result to any of the parties in the litigation." *MDM

Group Assocs., Inc. v. Midgett Realty, Inc.,* 2008 WL 2756926, at 4 (D.Colo. 2008); *Roman v.

Denver Commercial Builders, Inc.*, 2009 WL 1327957 (D. Colo. 2009). Here, failing to permit

Plaintiff to amend to add Media Revenue could prejudice Plaintiff. Plaintiff also may not obtain

complete relief if Media Revenue is not joined as a defendant, since it asserts ownership, and

thus presumably may control the infringing websites. Thus, obtaining judgment against the

Original Defendants may not enable Plaintiff to end the infringement.

Here, justice requires that the Court permit the amendment. Thus, under Rule 15(a),

F.R.Civ.P. the Court should grant Plaintiff leave to amend the Complaint.

DATED: June 4, 2012          Respectfully submitted,

By:

/s/ Chad L. Belville

Chad  Belville, Attorney at Law

Iowa Bar # 015731

Physical Address                4742 North 24th Street Suite 315
                                Phoenix, AZ 85016

MAILING ADDRESS:                P.O. Box 17879
                                Phoenix, AZ 85011

                                Telephone:  602-904-5485
                                FAX:  602-297-6953
                                E-mail cbelville@azbar.org

                    ATTORNEY FOR PLAINTIFF

                    Certificate of Service

I, Chad Belville, Attorney for Plaintiff, hereby certify that on June 4, 2012 a copy of this Motion
to Amend was served upon the attorneys and parties listed through the Court's Electronic Case
Filing System.

/s/ Chad L. Belville