IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00856-RPM-BNB

BLUMEDIA INC., a Colorado corporation, a/k/a Intense Cash d/b/a BrokeStraightBoys.com and
d/b/a BrokeStraightGuys.com,

Plaintiff,

v.

SORDID ONES BV d/b/a Gaygravy.com;
DEECASH d/b/a TripleXCash and d/b/a TripleXCash.com and d/b/a MitZasInc.com and d/b/a
DeeDevelopments.com d/b/a AdultDevelopments.com and d/b/a Studpay.com;
JOHN DOES 1-20, JANE DOES 1-20, and XYZ Companies 1-20; and
MEDIA REVENUE,

Defendants.

---

## ORDER

---

This matter arises on the following:

(1)     **Media Revenue's Motion to Intervene** [Doc. # 14, filed 12/20/2011] (the

"Motion to Intervene");

(2)     **Plaintiff's Motion to Amend Complaint to Add Media Revenue as a**

**Defendant on All Claims** [Doc. # 16, filed 6/4/2012] (the "Motion to Amend"); and

(3)     **Media Revenue's Emergency Motion to Allow Telephonic Appearance** [Doc.

# 22, filed 7/30/2012] (the "Emergency Motion").

For the reasons stated below, the Motion to Intervene [Doc. # 14] is DENIED as moot;

the Motion to Amend [Doc. # 16] is GRANTED; and the Emergency Motion [Doc. # 22] is

DENIED.

The parties are engaged in internet distribution of pornographic adult videos.  Complaint

[Doc. # 1] at ¶2.  The plaintiff's Complaint alleges trade dress and trademark infringement of their internet domain names "broke straight boys" and "broke straight guys" by the defendants, Sordid Ones BV and DeeCash.

The plaintiff sought leave to make alternate service of process on the defendants by email at their published and last known valid email addresses.  Motion for Order Permitting Alternative Service [Doc. # 3] (the "Service Motion").  In support of the Service Motion, the plaintiff characterized the defendants as "intellectual property scofflaws" and argued:

> The [defendants'] internet domains are shown to be registered to companies located in Spain and the Netherlands.  According to the process server, the addresses are bogus and the companies not registered with proper government authorities.  On information and belief, Defendants use their false Netherlands and Spain address to evade liability for their illegal activities, and will most certainly evade process if this Order is not granted.

Service Motion [Doc. # 3-3] at ¶4 (internal citations omitted).

The district judge granted the Service Motion, and service was made by email on August 7, 2011.  Certificate of Service [Doc. # 7].  The defendants failed to respond to the Complaint, and the Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) on September 2, 2011.  Entry of Default [Doc. # 9].

The plaintiff moved for default judgment on November 1, 2011.  Motion for Default Judgment [Doc. # 10].  That motion was referred to me on December 2, 2011.  Subsequently, on December 20, 2011, Media Revenue moved to intervene.  Motion to Intervene [Doc. # 14].  In response to the Motion to Intervene, BluMedia filed the Motion to Amend [Doc. # 16].  Those motions were referred to me on June 15, 2012.  I set the motions for a hearing on July 17, 2012.  Minute Order [Doc. # 18].  On June 22, 2012, Media Revenue's counsel sought to reschedule the

2

hearing or, in the alternative, to appear by telephone due to a scheduling conflict.  Motion to

Continue [Doc. # 19].  Three days later, on June 25, 2012, I reset the motions hearing to July 30,

2012, at 1:30 p.m.

On July 30, 2012, the date of the motions hearing, Media Revenue's counsel filed at 6:02

a.m., his Emergency Motion, again seeking leave to appear by telephone.  Media Revenue's

counsel is located in Orlando, Florida.  In support of the Emergency Motion, Media Revenue's

counsel alleged "a mix-up in communications and scheduling difficulties" resulting in his being

"unable to secure travel to Denver, Colorado for today's hearing."  Emergency Motion [Doc. #

22] at ¶5.  No greater details concerning the mix-up or difficulties are offered and no explanation

is made for why relief was not sought earlier.  Plaintiff's counsel, who offices in Phoenix,

Arizona, opposes the Emergency Motion, noting that he has traveled to Denver to attend the

hearing and arguing that the circumstances of the Emergency Motion "raise[] questions about the

truth and veracity of the pending emergency motion."  Response [Doc. # 24].  I agree.  The

Emergency Motion is disingenuous and a transparent attempt by Media Revenue's counsel to

force my hand to allow him to appear at today's hearing by telephone, presumably to save the

expense of traveling to Colorado to argue his own pending motion.

Media Revenue seeks leave to intervene as a defendant and counter claimant, arguing

that it has acquired from the original defendants "an ownership interest in a good number of the

listed domains."  Motion to Intervene [Doc. # 14] at pp. 3-4.  In addition, Media Revenue argues:

> [T]he other defendants in the litigation are identified only as
> foreign corporations and domain names that have not been served.
> . . .  who all, if in existence, have limited resources.  Media
> Revenue's far superior resources alone constitute a ground on
> which to find its interests may not be adequately represented.

> Moreover, even if the financial disparity between the parties were not in and of itself sufficient to [justify intervention], the interests of Media Revenue may ultimately diverge.  While the other defendants, if served, may likely be interested in resolving this case as quickly and inexpensively as possible, Media Revenue's interest is in protecting its broader property rights and generally defending against the broad and over reaching [trademark] protection arguments of the plaintiff.

Motion to Intervene [Doc. # 14] at p. 10.

Rather than consenting to the Motion to Intervene, the plaintiff filed its Motion to Amend [Doc. # 16] which seeks to "add Media Revenue as a Defendant as to all claims asserted in the original complaint."  Motion to Amend [Doc. # 16] at p. 1.  In connection with the Motion to Amend, the plaintiff states that it "has no objection, if Media Revenue owns some of the domain names, to Media Revenue becoming a party to the action."  Response [Doc. # 15] at p. 2. Without elaboration, however, the plaintiff states the "Media Revenue should be added as a defendant instead of being permitted to intervene."  Id.

Media Revenue has not indicated its position on amendment versus intervention.

I perceive no meaningful distinction, whether Media Revenue is allowed to intervene or is joined as a defendant in an amended complaint, and none has been articulated by the parties. Amendment seems more straightforward, however.

The impact, if any, of the addition of Media Revenue as a defendant due to its asserted ownership of some of the domains on the plaintiff's pending Motion for Default Judgment [Doc. # 10] is not clear.  Consequently, I will require additional briefing on the Motion for Default Judgment addressing this issue.

IT IS ORDERED:

(1)     The Emergency Motion [Doc. # 22] is DENIED.  Counsel for Media Revenue is

4

cautioned that such conduct exposes him to the imposition of sanctions.

(2)     The hearing on pending motions set for this afternoon (July 30, 2012) at 1:30 p.m., is VACATED in view of this Order.

(3)     The Motion to Amend [Doc. # 16] is GRANTED.  The plaintiff has to and including August 13, 2012, within which to file its First Amended Complaint adding Media Revenue as a defendant "to all claims asserted. . . ."  Media Revenue shall answer or otherwise respond to the First Amended Complaint on or before August 27, 2012.

(4)     The Motion to Intervene [Doc. # 14] is DENIED as moot, in view of my order allowing amendment to add Media Revenue as a defendant.

(5)     On or before August 13, 2012, the parties shall file briefs addressing the impact of this Order on the plaintiff's Motion for Default Judgment [Doc. # 10].

(6)     A scheduling conference is set for **September 17, 2012, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  The parties shall prepare a proposed Scheduling Order in the form of Appendix F, D.C.COLO.LCivR, and submit it to the court no later than **September 10, 2012.**

(7)     The case caption is modified, as indicated above.

Dated July 30, 2012.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge