IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00856-RPM-BNB

BLUMEDIA INC., a Colorado corporation, a/k/a Intense Cash d/b/a BrokeStraightBoys.com and
d/b/a BrokeStraightGuys.com,

Plaintiff,

v.

SORDID ONES BV d/b/a Gaygravy.com;
DEECASH d/b/a TripleXCash and d/b/a TripleXCash.com and d/b/a MitZasInc.com and d/b/a
DeeDevelopments.com d/b/a AdultDevelopments.com and d/b/a Studpay.com;
JOHN DOES 1-20;
JANE DOES 1-20;
XYZ COMPANIES 1-20; and
MEDIA REVENUE, INC., d/b/a MediaRevenue.com, as alter ego of Robert Rice, and
Commercial Gift Incentives, as alter ego of Media Revenue,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the plaintiff's **Motion for Default Judgment** [Doc. # 10, filed

11/1/2011].  I respectfully RECOMMEND that the motion be denied.

The action was commenced by the filing of a Complaint [Doc. # 1] (the "Original

Complaint").  The Original Complaint was against Sordid Ones, DeeCash, and the Doe and XYZ

defendants only (the "Original Defendants").

The district judge granted the plaintiff's motion, made pursuant to Fed. R. Civ. P. 4(f)(3),[1] to make service of process by email against the Original Defendants.  Order [Doc. # 6]. The plaintiff's counsel subsequently filed a Certificate of Service [Doc. # 7], including his statement under penalty of perjury that he completed service on the Original Defendants on August 7, 2011, by email as permitted by the Order [Doc. # 6].[2]

The Original Complaint alleges that the plaintiff markets "legal adult pornography" "primarily to adult gay men seeking gay adult entertainment and particularly sexual videos displaying young adult men who are heterosexual being enticed to perform sexually with other men on camera for money."  Original Complaint [Doc. # 1] at ¶¶2, 5.  The plaintiff claims to have trademark rights to "BrokeStraightBoys.com" and "BrokeStraightGuys.com."  Id. at ¶6. The plaintiff alleges that the defendants are direct competitors operating under the domain names

---

[1]Rule 4(f)(3), Fed. R. Civ. P., provides:

**(f)  Serving an Individual in a Foreign Country.**

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served  at a place not within any judicial district of the United States:

        *   *   *

(3)  by other means not prohibited by international agreement, as the court orders.

[2]Rule 4(l)(2), Fed. R. Civ. P., provides:

**(2)  Service Outside the United States.**  Service not within any judicial district of the United States must be proved as follows:

        *   *   *

**(B)**  if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

"www.brokeassboys.com" and "www.realbrokeboys.com." Id. at ¶40. The Original Complaint identifies 74 specific domain names, and "similar domains," which the plaintiff alleges the defendants are using "as part of a common scheme or plan to intentionally infringe upon Plaintiff's trademarks," including by way of example the following: www.brokeassboys.com; www.pridepornpass.com; www.povboys.com; www.creamfilledtwinks.com; www.straightinternal.com; www.brazilbus.com; www.straightgroupsex.com; and www.trannyboss.com. Id. at ¶41.

The Original Defendants have not responded. On September 2, 2011, the Clerk of the Court entered default against the Original Defendants pursuant to Fed. R. Civ. P. 55(a). Entry of Default [Doc. # 9].

On November 1, 2011, the plaintiff filed its Motion for Default Judgment [Doc. # 10], seeking the following relief:

> a. Damages in an amount to be proven at a hearing on the Motion for Default Judgment for violation of the Lanham act and infringement of Plaintiff's trade dress and tradenames;
>
> b. Permanent injunctive relief enjoining Defendants and their respective agents, servants, and employees, and any persons or entities acting on their behalf from infringing upon any of the Plaintiff's trade dress or trademarks.
>
> c. An award of statutory damages in the amount of $100,000 for each of the two domains with deceptively similar names.
>
> d. Injunctive relief awarding the transfer of the www.GayGravy.com, brokeassboys.com and realbrokeboys.com domain names.
>
> e. Injunctive relief awarding transfer of the domain names listed in paragraph 41 of the Complaint.
>
> f. Such other relief as the Court deems just and proper.

3

Brief In Support of Motion for Default Judgment [Doc. # 10-1] (the "Brief") at pp. 23-24.

Subsequently, on December 20, 2011, Media Revenue, Inc. ("Media Revenue"), moved to intervene.  Motion to Intervene [Doc. # 14].  In support, Media Revenue alleged that "it is the lawful owner of several of the domain names listed in the Complaint having purchased these domains on the open market," id. at p. 2, although Media Revenue does not specify the domain names it claims to own.  The plaintiff responded by opposing intervention and requesting that "rather than granting intervention, the Court permit Plaintiff to amend its Complaint to add Media Revenue as a Defendant."  Response [Doc. # 15] at p. 1.  I granted the plaintiff's request to amend the complaint to add Media Revenue as a defendant, noting that "I perceive no meaningful distinction whether Media Revenue is allowed to intervene or is joined as a defendant in an amended complaint."  Order [Doc. # 25] at p. 4.

The Amended Complaint [Doc. # 30] was filed on August 13, 2012.  Except for the addition of Media Revenue as a defendant, the Amended Complaint is substantially the same as the Original Complaint.  There is no evidence that the Amended Complaint was served on the Original Defendants.  Media Revenue has generally denied the allegations of the Amended Complaint, and its Answer [Doc. # 34] sheds no light on the domains it claims to own.

"Pursuant to Rule 55(b)(2), once the clerk has entered a default as described in Rule 55(a), the party entitled to a judgment by default shall apply to the court therefor.  The determination of whether to enter judgment by default is left to the discretion of the court."  Todd Habermann Const., Inc. v. Epstein, 70 F. Supp. 2d 1170, 1176 (D. Colo. 1999)(internal quotations and citation omitted).  In this case, at least three issues cause me to believe that discretion should be exercised to deny entry of default judgment until all claims against all

4

parties are resolved.

First, the Amended Complaint [Doc. # 30] appears never to have been served on the Original Defendants.  "[I]t is well established that an amended complaint supersedes a prior complaint and renders it of no legal effect." Schoonover v. Stuart, 2010 WL 3022845 *1 (N.D. Okla. July 29, 2010) (refusing to enter default judgment against defendant named in original complaint but not named in amended complaint); accord Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007).  The Amended Complaint is now the operative complaint; the Motion for Default Judgment was filed prior to the filing of the Amended Complaint and seeks the award of a default judgment in connection with a superseded pleading; and the Amended Complaint apparently has not been served on the Original Defendants against which default judgment is sought.

Second, the plaintiff requests a default judgment for, among other things, "[i]njunctive relief awarding transfer of the domain names listed in paragraph 41 of the Complaint."  Brief [Doc. # 10-1] at p. 24.  Paragraph 41 of the Original Complaint specifies 74 specific domain names, in addition to "similar domains held by Defendant."  Original Complaint [Doc. # 1] at ¶41.  Only a few of those domain names are remotely similar to "BrokeStraightBoys.com" and "BrokeStraightGuys.com.," the names to which the plaintiff claims to hold a trademark.  In addition, the plaintiff has failed to provide citation to any legal authority allowing a court to order transfer of ownership of the domain names to the plaintiff, as it requests.  See 10A Wright, Miller &Kane, Federal Practice and Procedure: Civil 3d §2688 at p. 63 (noting that "[e]ven after default,. . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

5

Finally, in <u>Mitchell v. Lyons Professional Services, Inc.</u>, 727 F. Supp. 2d 116, 119

(E.D.N.Y. 2010), the court noted:

> In <u>Frow v. DeLaVega</u>, 82 U.S. 552 (1872), and its progeny, the
> Supreme Court held that when less than all defendants have
> defaulted, the default should be entered on the docket against the
> defaulting defendants, but entry of final judgment should be
> deferred pending disposition as to the non-defaulting defendants,
> so that the case can be resolved by one final, consistent judgment.
> Although the <u>Frow</u> holding has been narrowed to cases involving
> true joint liability, courts have consistently delayed damages
> inquests even where a plaintiff seeks joint and several liability in
> order to avoid the problems of dealing with inconsistent damage
> determinations.

(Internal citations and quotations omitted except as noted.)  <u>See</u> <u>Hunt v. Inter-Globe Energy,</u>

<u>Inc.</u>, 770 F.2d 145, 147 (10th Cir. 1985)(applying <u>Frow</u> and holding that "just as consistent

verdict determinations are essential among joint tortfeasors, consistent damage awards on the

same claim are essential among joint and several tortfeasors"); <u>Jetcraft Corp. v. Banpais, S.A.</u>,

166 F.R.D. 483, 485 (D. Kan. 1996)(holding that "[d]efault judgment may not be awarded

against one defendant where joint and several damages are sought from multiple defendants until

the matter has been fully adjudicated with regard to all defendants or all defendants have

defaulted").

The plaintiff argues that the rule of <u>Frow</u> does not apply here because "Defaulted

Defendants and Media Revenue do not have joint or joint and several liability."  Brief Regarding

Default Judgment [Doc. # 29] at p. 4.  In addition, with respect to the plaintiff's request that the

court order the transfer of ownership of domain names to it, the plaintiff argues:

> [T]he injunctive relief can easily be tailored to include only the
> Defaulted Defendants.  The injunction can order that all right title
> and interest <u>of the Defaulted Defendants</u> in <u>www.GayGravy.com,</u>
> brokeassboys.com and realbrokeboys.com and the other domain

6

> names listed in the Complaint and Amended Complaint be
> transferred to Plaintiff.

Id. at p. 7.

Where as here, however, a plaintiff seeks an award of damages and injunctive relief against defaulted and non-defaulted defendants, and where the ownership of allegedly infringing domain names is disputed, I believe that the court should exercise its discretion and delay the entry of a default judgment until all claims against all defendants can be resolved in a single, consistent judgment. See Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009)(stating that "where there are several defendants, the transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment fatal to the interests of other parties"); Kidd v. Andrews, 340 F. Supp. 2d 333, 338 (W.D.N.Y. 2004)(refusing to enter a default judgment against some but less than all defendants where "some of plaintiff's claims are asserted against all three defendants, and she seeks compensatory damages of five million dollars against them all").

I respectfully RECOMMEND that the Motion for Default Judgment [Doc. # 10] be DENIED at this time until all claims against all defendants can be resolved in a single, consistent judgment.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 13, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge