IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00856-RPM-BNB

BLUMEDIA INC., a Colorado Corporation,
a/k/a Intense Cash d/b/a BrokeStraightBoys.com
and d/b/a BrokeStraightGuys.com;

        Plaintiff,

v.

SORDID ONES BV dba GayGravy.com;
DEE  CASH dba TripleXCash and dba TripleXCash.com and dba MitZasInc.com and dba
DeeDevelopments.com dba AdultDevelopments.com and dba Studpay.com;
JOHN DOES 1-20, JANE DOES 1-20, XYZ Companies 1-20; and
MEDIA REVENUE;

        Defendants.

---

## ~~(Proposed)~~ SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE

### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

a.      Scheduling Conference Date: **October 2, 2012**

b.      **Identities of Counsel, Contact Information, and Party(ies) Represented:**

      **(1)    Counsel for Plaintiff BluMedia, Inc.:**

| | |
|---|---|
| Counsel: | Chad L. Belville |
| | Admitted to the Colorado District Court |
| Physical Address: | 4742 North 24th Street, Suite 315 |
| | Phoenix, Arizona 85016 |
| Mailing Address: | P.O. Box 17879 |
| | Phoenix, Arizona 85011 |
| Telephone: | (602) 904-5485 |
| Facsimile: | (602) 297-6953 |

E-mail:                    cbelville@azbar.org

**(2)     Counsel Appearing for Defendants SordidOnes BV dba GayGravy.com and DeeCash dba TripleXCash and dba TripleXCash.com and MitZasInc.com and dba DeeDevelopments.com and dba AdultDevelopments.com and dba StudPay.com:**

Named Defendants failed to respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.  On August 4, 2011, the Court issued an Order allowing Alternate Service of Summons and Complaint upon the named Defendants via e-mail.  (See Doc 6)  Defendants were served with the Summons and Complain in accordance with the Order on August 7, 2011.  (See Doc 7)  Defendants' responsive pleading became due twenty days later with an additional three days for delivery by mail, or August 31, 2011.  Defendants have not filed a pleading in response to the complaint.

Plaintiff filed its Motion for Default Judgment requesting a default judgment be entered against all of the above-named defendants on November 1, 2011.

On December 20, 2011, Thomas A. Sadaka made an appearance for then non-party Media Revenue in its Motion to Intervene, and counsel for Plaintiff filed Plaintiff's response on December 30, 2011.

(3)     Counsel Appearing for Defendant Media Revenue:

Counsel:                 Thomas A. Sadaka
Physical Address:        NeJame Law
                         NeJame, LaFay, Jancha, Ahmed, Barker, Joshi & Moreno,
                         PA
                         189 S Orange Ave, Suite 1800
                         Orlando, FL 32801
Telephone:               407-245-1232
Facsimile:               866-566-2110
E-mail:                  tom@nejamelaw.com

## 2. STATEMENT OF JURISDICTION

a.     This action arises under § 43(a) of the Trademark Act of July 5, 1946, as

       amended, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.;* the

       Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); the

       Federal False Designation of Origin statute 15 U.S.C. § 1125(a); the Colorado

       Consumer Protection Act C.R.S. § 6-1-101 *et seq.* ("C.C.P.A."), the Colorado

       Trademark Act C.R.S. §7-70-101 *et seq.* and the common laws of the State of

       Colorado.

b.     This Court has subject matter jurisdiction over all asserted claims pursuant to 15

       U.S.C. § 1121(arising under the Lanham Act), 28 U.S.C. §§ 1331 (federal

       question), § 1332 (as the amount in controversy exceeds $75,000), § 1338 and §

       1367 (the supplemental jurisdiction statute codifying the pendant and ancillary

       jurisdiction doctrines).

c.     This Court has personal jurisdiction over Defendant as BluMedia's claim arise

       from Defendant's transaction of business in this judicial circuit, as BluMedia's

       claims arise from Defendant's commission of tortuous acts in this judicial district,

and as BluMedia is being damaged in this judicial district by Defendant's

tortuous activities. Defendant Media Revenue disputes personal jurisdiction.

d. Venue in proper in the United States District Court for the District of Colorado

pursuant to 28 U.S.C. §§ 1391 (b) and 1391 (c). Defendant Media Revenue

disputes personal jurisdiction and disputes that proper venue lies in this court.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: This action arises under § 43(a) of the Trademark Act of July 5,

1946, as amended, commonly known as the Lanham Act, 15 U.S.C. § 1051 et

seq.; the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. §

1125(d); the Federal False Designation of Origin statute 15 U.S.C. § 1125(a); the

Colorado Consumer Protection Act C.R.S. § 6-1-101 et seq. ("C.C.P.A."), the

Colorado Trademark Act C.R.S. §7-70-101 et seq. and the common laws of the

State of Colorado.

b. **Defendant(s):** Defendant Media Revenue disputes and all liability under the

cited statutes.

c. **Other Parties:** not applicable.

### 4. UNDISPUTED FACTS

**The following facts are undisputed:**

a. * It is undisputed that BluMedia Inc. owns the trademarks cited in the Amended

Complaint.

### 5. COMPUTATION OF DAMAGES

a. Damages are expected to be computed under 15 USC 1116 & 1117 and applicable

statutes, including lost profits, profits of defendants, and remedial costs. Total to be

determined at trial.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND

### MEETING UNDER FED.R.CIV.P. 26(f)

**a.**     Date of Rule 26(f) meeting.

The Parties have scheduled a Rule 26(f) meeting in person October 2, 2012 at

11:00 AM.  A conference room in the Court House will be requested

**b.**     Names of each participant and party he/she represented.

Chad Belville will be present for Plaintiffs.  Tom Sadaka will be present for

Defendants.

**c.**     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Disclosures will be made on or before October 2, 2012.

**d.**     Proposed changes, if any, in timing or requirement of disclosures under Fed.R.

Civ.P. 26(a)(1).

The parties have no proposed changes at this time.

**e.**     Statement concerning any agreements to conduct informal discovery.

The Parties do not have any agreements to conduct informal discovery at this

time.

**f.**     Statement concerning any other agreements or procedures to reduce discovery

and other litigation costs, including the use of a unified exhibit numbering

system.

The parties expect to use a unified exhibit numbering system.  The parties will

continue to evaluate possible methods to reduce discovery and litigation costs.

**g.**     Statement as to whether the parties anticipate that their claims or defenses will

involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

In this matter there is potential for voluminous ESI.  The parties will update the Court on this matter as more information is available.

**h.**   Statement summarizing the parties discussions regarding the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.  They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.

The Parties are actively discussing the possibility of mediation.

## 7.  CONSENT

All parties [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the federal Rules.  **Each separately represented party may take no more than ten depositions, plus the depositions of any specially retained experts designated pursuant to this Scheduling Order.  Each separately represented party may serve no more than 25 interrogatories, including discrete subparts.**

~~There are none at this time~~.

b.   Limitations which any party proposes on the length of depositions.  **No deposition may exceed one day of seven hours.**

~~There are none at this time~~

c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.  **Each separately represented party may serve no more than 25 requests for production and 25 requests for admission.** ~~There are none at this time~~

d.    Other Planning or Discovery Orders

~~There are none at this time~~

### 9.  CASE PLAN AND SCHEDULE

**a.**    Deadline for Joinder of Parties and Amendment of Pleadings. October 19, 2012

**b.**    **Discovery Cut-off.  March 4, 2013**  ~~May 10, 2013~~

**c.**    **Dispositive Motion Deadline.  April 4, 2013**  ~~October 11, 2013~~

**d.**    Expert Witness Disclosure

**1.**    The parties shall identify anticipated fields of expert testimony, if any.

Trademark identification and infringement (Plaintiff – this may be disputed)

Search Engine Optimization

Coding

Metatags

Analytics

**2.**    Limitations which the parties propose on the use or number of expert witnesses.

**Each separately represented party may designate no more than four specially retained experts.**  The parties agree to a limit of one expert per field, per **separately represented** party.

3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed.R.Civ.P. 26(a)(2 on or before **January 4, 2013**

~~February 8, ~~, ~~2013.~~

4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed.R.Civ.P. 26(a)(2) on or before **February 4, 2013**

~~March 8~~, ~~2013.~~

e.     **Identification of Persons to Be Deposed:**  December 7, 2012

f.     **Deadline for Interrogatories**: **All written discovery must be served so that responses are due on or before the discovery cut-off** ~~March 8, 2013~~

g.     Deadline for Requests for Production of Documents and/or Admissions   **All written discovery must be served so that responses are due on or before the discovery cut-off** ~~March 8, 2013~~

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

     a.     Status conferences will be held in this case at the following dates and times:

             _____

     b.     A final pretrial conference will be held in this case on **May 23, 2013, at 1:00 p.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **May 16, 2013**  ~~seven (7) days before the final pretrial conference.~~

## 11.  OTHER SCHEDULE MATTERS

**a.**     Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

**b.**     Anticipated length of trial and whether trial is to be to the court or jury.

12 days trial to a jury.

**c.**     Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado, or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO. LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorneys client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office a *pro se* party must file a copy of a notice of change of her or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.  AMENDMENTS TO SCHEDULING ORDER

**The scheduling order may be altered or amended only upon a showing of good cause.** *[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

Dated October 2, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED:**

_____

**Chad L. Belville**
**Admitted to the Colorado District Court**
**4742 North 24th Street, Suite 315**
**Phoenix, Arizona 85016**
***P.O. Box 17879**
***Phoenix, Arizona 85011**
**Telephone:    (602) 904-5485**
**Attorney for Plaintiff**

_____

**Thomas A. Sadaka**
**NeJame, LaFay, Jancha, Ahmed**
**Barker, Joshi & Moreno, P.A.**
**189 S. Orange Avenue, Suite 1800**
**Orlando, Florida 32801**
**Telephone:    (407) 245-1232**
**Attorney for Defendant Media Revenue, Inc.**

APPROVED:

Chad L. Belville
Admitted to the Colorado District Court
4742 North 24th Street, Suite 315
Phoenix, Arizona 85016
*P.O. Box 17879
*Phoenix, Arizona 85011
Telephone:   (602) 904-5485
Attorney for Plaintiff

Thomas A. Sadaka
Nefame, LaFay, Janchs, Ahmed
Barker, Joshi & Moreno, P.A.
189 S. Orange Avenue, Suite 1800
Orlando, Florida 32801
Telephone:   (407) 245-1232
Attorney for Defendant Media Revenue, Inc.

{ 11 of 11 }

APPROVED:

Chad L. Belville
Admitted to the Colorado District Court
4742 North 24th Street, Suite 315
Phoenix, Arizona 85016
*P.O. Box 17879
*Phoenix, Arizona 85011
Telephone: (602) 904-5485
Attorney for Plaintiff