IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00856-RPM-BNB

BLUMEDIA INC., a Colorado corporation, a/k/a Intense Cash d/b/a BrokeStraightBoys.com and d/b/a BrokeStraightGuys.com,

Plaintiff,

v.

SORDID ONES BV d/b/a Gaygravy.com;
DEECASH d/b/a TripleXCash and d/b/a TripleXCash.com and d/b/a MitZasInc.com and d/b/a DeeDevelopments.com d/b/a AdultDevelopments.com and d/b/a Studpay.com;
JOHN DOES 1-20;
JANE DOES 1-20;
XYZ COMPANIES 1-20; and

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the plaintiff's **Motion for Default Judgment** [Doc. # 63, filed 6/26/2013].  I respectfully RECOMMEND that the Motion for Default Judgement be GRANTED against defendants, Sordid Ones BV and DeeCash, as specified.

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, it must obtain an entry of default from the Clerk of the Court under Rule 55(a); then, after default has been entered, it must seek default judgment pursuant to Rule 55(b).

Rule 55(a), Fed. R. Civ. P., allows a default to enter against a party when it "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  This action was commenced by the filing of a Complaint [Doc. # 1] on April 1, 2011.  Service was perfected

against Sordid Ones BV and DeeCash on August 7, 2011.  Certificate of Service [Doc. # 7].

Sordid Ones BV and DeeCash failed to answer or otherwise respond to the Complaint within the

time allowed.

The plaintiff filed an Amended Complaint [Doc. # 30] on August 13, 2012.  The

Amended Complaint was served on Sordid Ones BV and DeeCash on January 8, 2013.  Sordid

Ones BV and DeeCash did not answer or otherwise respond to the Amended Complaint within

the time allowed and have never answered or responded.  The Clerk entered default against

Sordid Ones BV and DeeCash on March 6, 2013.  Clerk's Entry of Default [Doc. # 61].

"Once the default has been established, defendant has no further standing to contest the

factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice

and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115,

1125 n. 11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a

claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider
> whether the unchallenged facts constitute a legitimate cause of
> action, since a party in default does not admit mere conclusions of
> law. . . .  Once the court determines that a judgment by default
> should be entered, it will determine the amount and character of
> the recovery that should be awarded.

10A Wright, Miller & Kane, supra.  A default judgment "must normally be viewed as available

only when the adversary process has been halted because of an essentially unresponsive party."

Ruplinger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).

Jurisdiction exists under the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1331

(federal question).

Sordid Ones BV and DeeCash are artificial entities and are not infants, incompetent

persons, officers or agencies of the United States or the State of Colorado, or in the military

service.

The unrebutted allegations of the Amended Complaint establish that Sordid Ones BV and

DeeCash engaged in conduct which infringed the plaintiff's trademarks and trade dress for

"broke straight boys," "BrokeStraightBoys.com," and "BrokeStraightGuys.com."  The plaintiff

seeks the following relief:

(1)      Money damages based on Sordid Ones BV and DeeCash's infringement of the

plaintiff's trade dress and trademarks;

(2)      A permanent injunction prohibiting Sordid Ones BV and DeeCash from

infringing the plaintiff's trade dress and trademarks;

(3)      Statutory damages of $100,000.00 under the Anti-Cybersquatting Protection Act,

15 U.S.C. § 1125(d), "for each of the two domains with deceptively similar names"; and

(4)      Injunctive relief awarding transfer of domain names from Sordid Ones BV and

DeeCash to the plaintiff.

Evidence presented at a hearing on October 24, 2013, established that the plaintiff has

suffered economic damages of $2,259, 583.00 in lost revenues as a result of Sordid Ones BV and

DeeCash's infringement of the plaintiff's trademarks and trade dress.  Evidence also

demonstrated that Sordid Ones BV and DeeCash are using the deceptively similar marks and

dress of "RealBrokeBoys" and "BrokeAssBoys" to unfairly compete with the plaintiff and that

absent an injunction Sordid Ones BV and DeeCash will continue to use those deceptively similar

marks and dress.

The plaintiff did not plead a violation of the Anti-Cybersquatting Protection Act, 15

U.S.C. § 1125(d), in its Amended Complaint.  Rule 54(c), Fed. R. Civ. P., provides that "[a]

default judgment must not differ in kind from, or exceed in amount, what was demanded in the

pleadings."  The import of this provision has been explained as follows:

> The theory of this provision is that the defending party should be
> able to decide on the basis of the relief requested in the original
> pleading whether to expend the time, effort, and money necessary
> to defend the action.  It would be fundamentally unfair to have the
> complaint lead defendant to believe that only a certain type and
> dimension of relief was being sought and then, should defendant
> attempt to limit the scope and size of the potential judgment by not
> appearing or otherwise defaulting, allow the court to give a
> different type of relief or a larger damage award.

10 Wright, Miller & Kane, supra at §2663, pp. 166-67.  The award of statutory damages under

the Anti-Cybersquatting Protection Act, in the absence of such a claim in the Amended

Complaint, would be improper.

In addition, the plaintiff has provided no authority for an order transferring domain

names, and many of the domain names sought to be transferred are not remotely similar to the

plaintiff's rights to "broke straight boys," "BrokeStraightBoys.com," and

"BrokeStraightGuys.com."  Under these circumstances, I decline to recommend such relief.

I respectfully RECOMMEND:

(1)      The Motion for Default Judgment [Doc. # 63] be GRANTED as specified;

(2)      Judgment enter in favor of the plaintiff and against Sordid Ones BV and

DeeCash, jointly and severally, in the amount of $2,259, 583.00;

(3)      An injunction enter in favor of the plaintiff and against Sordid Ones BV and

DeeCash permanently enjoining Sordid Ones BV and DeeCash and their officers, agents,

servants, employees, attorneys, and any other persons or entities who are in active concert or

participation with them from use of the deceptively similar names and domains of

"RealBrokeBoys" and "BrokeAssBoys" or otherwise infringing the plaintiff's trademarks and

trade dress in and to "broke straight boys," "BrokeStraightBoys.com," and

"BrokeStraightGuys.com."; and

    (4)    The plaintiff be awarded its costs upon the filing of a bill of costs.[1]

Dated November 18, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).